IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RONALD TROY CALDWELL | § | |
| v. | § | CIVIL ACTION NO. 6:15cv378 |
| MARICELA RENDON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Ronald Caldwell, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Safe Prisons Officer Sgt. Maricela Rendon, Warden Edgar Baker, and Chief of Classification Mark Sandlin, all of whom are TDCJ-CID officials at the Michael Unit.

**I. Background**

Caldwell states that he was released from prison in 2000, but returned in 2008 on a new charge. During his prior incarceration, Caldwell states that he had been a victim of repeated assaults on different prison units. Many of these assaults were gang-related, although he did not know this at the time. When he sought help from prison officials, some of the gang members were locked up in segregation. As a result, Caldwell states that a contract was put out on his life.

After being transferred from unit to unit, Caldwell states that he went into depression and acted out by assaulting officers so that he could be placed in administrative segregation for his own

protection. In 1998, he was released from administrative segregation at the Michael Unit and placed into a custody status called safekeeping.[1] He remained in safekeeping until his release in 2000.

After he returned to prison in 2008, Caldwell states he was sent to the Price Daniel Unit and immediately asked to be put in safekeeping. Instead, he was transferred to the Neal Unit. He filed a grievance there claiming his life was in danger. While he was waiting for a response to the grievance, Caldwell ran into a known enemy. The Neal Unit officials recommended a unit transfer and Caldwell was sent to the Michael Unit in June of 2009, where the same problems he had faced prior to his release in 2000 arose again.

Caldwell states that he has been trying to get put back in safekeeping because his name is still "on the radar." When he arrived at the Michael Unit, the Defendants did not listen to him and refused to put him back in safekeeping. As a result, Caldwell asserts that he went back into depression and began assaulting officers again to be placed in administrative segregation. He remains in segregation because he keeps getting disciplinary cases in order to keep from returning to general population.

Caldwell filed grievance no. 2015071659 on January 6, 2015, asking to be put back into safekeeping upon his release from administrative segregation. The response stated that he is currently housed in administrative segregation and in the event he is released from segregation, his request for safekeeping will be addressed at that time.

The Magistrate Judge ordered prison officials to provide a *Martinez* Report, consisting of Caldwell's medical, grievance, and classification records, along with any other records, incident reports, or investigations concerning his claims. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th

---

[1] The Fifth Circuit has explained that safekeeping is "a housing status that separates vulnerable individuals from more aggressive offenders. According to Texas Department of Criminal Justice regulations, safekeeping is indicated when an inmate is at risk of victimization, has enemies in the population, has a history of homosexuality, or possesses other characteristics that mark the offender as vulnerable to predation." *Lyon v. Buentello*, 135 F.App'x 697, 2005 U.S. App. LEXIS 11944, 2005 WL 1444358 (5th Cir., June 21, 2005).

Cir. 1978); *Parker v. Carpenter*, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992). Caldwell was provided with a copy of the *Martinez* Report and filed a response to it.

**II. The Report of the Magistrate Judge**

After review of the pleadings, the *Martinez* Report, and Caldwell's response, the Magistrate Judge issued a Report recommending that Caldwell's lawsuit be dismissed. The Magistrate Judge observed that the medical records included in the *Martinez* Report did not show any injuries or harm resulting from assault by any other prisoners. Caldwell saw medical personnel on a number of occasions but never complained of injuries as a result of being assaulted, nor did he tell mental health personnel that his life was in danger.

On April 8, 2015, an administrative segregation mental health assessment was conducted, at which Caldwell voiced no mental health concerns or areas of need. He stated that he was not feeling pressured or threatened by others. Caldwell also denied feeling pressured or threatened by others in assessments on January 12, 2015 and November 10, 2014.

Caldwell's classification records showed that four Offender Protection Investigations have been conducted concerning his claims that he was in danger. No evidence was found showing he was in danger and he was advised that he could request safekeeping upon his release from administrative segregation.

The Magistrate Judge determined upon review of the pleadings and records that Caldwell failed to show he was the victim of deliberate indifference to his safety. Caldwell's complaints of danger were investigated, but these investigations did not turn up any evidence that he was in immediate danger. He told prison officials on multiple occasions that he did not believe he was in danger and that he did not feel pressured or threatened. He is assigned to administrative segregation, where he is housed by himself and is escorted by officers whenever he leaves his cell, providing him with a substantial measure of safety. *See Kidd v. Thaler*, et al., civil action no. 9:11cv18, 2011 U.S. Dist. LEXIS 150494, 2011 WL 6714527 (E.D.Tex., August 26, 2011), *Report adopted at* 2011 U.S. Dist. LEXIS 146674, 2011 WL 6713728 (E.D.Tex., December 21, 2011) (inmate in administrative

segregation was not in imminent danger of serious physical injury because of the high security nature of the housing area), *citing Garner v. Martinez*, civil action no. 2:06cv266, 2005 U.S. Dist. LEXIS 33988, 2005 WL 2206203 (S.D.Tex., September 12, 2005, *Report adopted at* 2005 U.S. Dist. LEXIS 49436 (S.D.Tex., November 2, 2005, appeal dismissed) (describing administrative segregation as "perhaps the safest housing assignment at the unit").

The Magistrate Judge thus determined that Caldwell failed to show that the Defendants knew of and disregarded an excessive risk to his health or safety, citing *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995), and *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The Magistrate Judge further concluded that Caldwell lacked a protectable liberty or property interest in his classification status and his disagreement with this status does not amount to a constitutional violation.

To the extent Caldwell complained of the refusal to place him in safekeeping when he arrived at the Michael Unit in June of 2009, the Magistrate Judge determined that this claim was barred by the statute of limitations. The Magistrate Judge also concluded that to the extent Caldwell sought injunctive relief, his claim was moot because he has now been transferred to the Connally Unit and is no longer at the Michael Unit. The Magistrate Judge therefore recommended that Caldwell's lawsuit be dismissed as frivolous or for failure to state a claim upon which relief may be granted.

**III. Caldwell's Objections to the Report**

In his objections, Caldwell states that he was in the process of being transferred to the Allred Unit when the Report issued, and he did not receive the Report in a timely manner. He also sent in a motion for reconsideration of the denial of appointment of counsel after he arrived at his new unit on April 24, 2017, because he was unaware of the Report at that time. Instead, Caldwell states that he received the Report on May 8, 2017.

Caldwell states that he disagrees with the Magistrate Judge's recommendation and that he provided evidence to the Court in the form of three color photographs showing injuries he sustained

4

from an alleged assault. Caldwell concedes that the photographs are undated, but contends "just because the photos are undated does not mean the assaults didn't take place in TDCJ when it could have been prevented by placing Plaintiff into safekeeping status." He states that he is only asking to be placed back into safekeeping and promises to drop his demand for monetary damages if he is placed into safekeeping or protective custody.

## IV. Discussion

Although Caldwell offers undated photographs purporting to show injuries, he offers nothing to show how or when the injuries in the photographs occurred, or even if they happened at the Michael Unit. As the Magistrate Judge observed, Caldwell's medical records do not show that he ever complained of injuries resulting from assaults by other prisoners, but Caldwell does acknowledge that he assaulted guards in an effort to be placed into administrative segregation. These undated photographs, lacking any context whatsoever, fail to show that any of the named Defendants have been deliberately indifferent to his safety.

The Magistrate Judge correctly determined that Caldwell failed to show any of the named defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed or that they did in fact draw this inference. As such, Caldwell's deliberate indifference claim lacks merit. *Neals*, 59 F.3d at 533. Caldwell also failed to show that his disagreement with his classification status amounts to a constitutional claim. *See Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992) (prisoners lack a protectable liberty or property interest in their custodial classification and a prisoner's disagreement with a classification is insufficient to establish a constitutional violation). Nor has he shown the exceptional circumstances necessary to justify appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1)

(District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 26) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to the Plaintiff's right to seek placement in safekeeping or protective custody at his current unit of assignment through any lawful means. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of **June, 2017.**

_____
Ron Clark, United States District Judge